# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF NEW YORK, as Trustee for the Certificate CWALT, INC, ALTERNATIVE LOAN TRUST 2006-OCT Mortgage pass-through Certificate, Series 2006-OCT,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>CHRISTINA MONTES RANKIN,<br><br>　　　　　　　　　　Defendant. | CASE NO. 08cv1806 LAB (AJB)<br><br>**ORDER OF REMAND** |

Defendant filed a petition for removal (the "Petition"), purporting to remove this case from the Superior Court of the State of California for the County of San Diego, Central Division — Hall of Justice Regional Center. The only document from the state court record attached to the petition is an application for an order to post and mail a summons to Defendant Montes-Rankin and a co-defendant, Mark A. Torr, who is not identified as a defendant in the removed case.

The Petition's first two pages address the amount in controversy, which suggests Defendant believes diversity forms the basis for the Court's jurisdiction. Plaintiff contends the complaint in state court erroneously identified the amount in controversy as $10,000, and says the true amount in controversy exceeds $400,000. The Petition then lists several pages of quotations from various opinions and legal reference works. On the ninth and tenth

pages, Defendant clarifies she (not Plaintiff) is now seeking $400,000 with respect to three causes of action. The causes of action are not identified, but it is possible Defendant believes she has described them in the string of quotations which forms the bulk of the Petition. In any event, "three causes of action" cannot refer to Plaintiff Bank of New York's single unlawful detainer action in state court. Defendant does not allege the citizenship of Plaintiff or of her co-defendant Mr. Torr, but the heading identifies her as a resident of San Diego. The only portion of the state court record attached to the Petition is styled "Application for Order to Post and mail Summons and Complaint — Unlawful Detainer {C.C.P. 415.45}."[1]

  Even assuming the parties are diverse (which does not appear on the face of the pleadings), the Petition's allegations show damages sought in the state court action do not exceed $10,000, which is less than the threshold amount in controversy for diversity jurisdiction. 28 U.S.C. § 1332(a). The Petition also shows Plaintiff now wishes to seek over $400,000 in damages for claims she has yet to identify. Plaintiff cannot, however, remove an action over which the Court lacks jurisdiction, and then add counterclaims in order to create jurisdiction. Under § 1441(a), only cases which could originally have been filed in federal court are properly removable. If the case is not "fit for federal adjudication when the removal petition is filed," remand is appropriate. *Sparta Surgical Corp. v. Nat'l Ass'n. of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998) (citing *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 43 (1998)).

  Therefore the petition shows this action was improperly removed and the jurisdictional defect is not waivable. The Court must at any time before final judgment is entered *sua sponte* remand any removed case over which it lacks jurisdiction. 28 U.S.C. § 1447(c).

/ / /

/ / /

/ / /

/ / /

---

[1] California Code of Civil Procedure 415.45 deals with the manner of giving notice in actions for unlawful detainer of real property.

1   This case is therefore immediately **REMANDED** to the court from which it was
2  removed.
3   **IT IS SO ORDERED**.
4  DATED: October 14, 2008

*/s/ Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge